UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DAVID CARL GUSTAFSON,

                    Plaintiff,

        v.

CITY OF WEST RICHLAND,

                    Defendants.

NO. CV-10-5040-EFS
NO. CV-10-5058-EFS

**ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

DAVID CARL GUSTAFSON,

                    Plaintiff,

        v.

CITY OF WEST RICHLAND; TRAVIS
SCHEIBE; LANCE ERDMAN; DONNA
NOSKI; DALE JACKSON; BRONSON
BROWN; MARGARET JUDITH
GRINSTEAD/RALSTON;

                    Defendants.

     Before the Court, without oral argument, are Defendants' Motions for
Summary Judgment Dismissal. No. CV-10-5040-EFS, ECF No. 68; No. CV-10-
5058-EFS, ECF No. 51. Mr. Gustafson filed these two causes of action
against the Defendant City of West Richland (both cases) and Defendants
Travis Scheibe, Lance Erdman, Donna Noski, Dale Jackson, Bronson Brown,
and Margaret Judith Grinstead/Ralston (collectively, "Individual
Defendants") (CV-10-5058-EFS only), alleging various state and federal

ORDER ~ 1

causes of action arising out of an incident in which Mr. Gustafson was arrested by officers from the City of West Richland Police Department (WRPD). On October 19, 2010, the Court consolidated the two cases for discovery purposes only. No. CV-10-5040-EFS, ECF No. 29; CV-10-5058-EFS, ECF No. 15. Because the parties' filings relating to Defendants' motions for summary judgment are identical in both cases, except that the Individual Defendants are included in Defendants' filings in CV-10-5058-EFS,[1] the Court addresses these motions jointly.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

This case arises out of a May 2, 2009 incident in which Mr. Gustafson was arrested by WRPD officers. Responding to a report of a domestic violence assault made by Mr. Gustafson's ex-wife Margaret Grinstead, Officer Travis Scheibe observed Mr. Gustafson standing outside

---

[1] The only filing in CV-10-5058-EFS that differs substantively from the filings in CV-10-5040-EFS is the Declaration of David Force, which includes six exhibits; Mr. Force's declaration in CV-10-5040-EFS includes only one exhibit. *See* No. CV-10-5040-EFS, ECF No. 74; No. CV-10-5058-EFS, ECF No. 57.

[2] In connection with Defendants' motion, the parties submitted an Agreed Statement of Undisputed Facts. No. CV-10-5040-EFS, ECF No. 82; No. CV-10-5058-EFS, ECF No. 65. The Court treats these facts as established consistent with Federal Rule of Civil Procedure 56(d). Additionally, the Court takes as true all uncontested assertions in the declarations submitted by Defendants. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

of the residence using his cellular phone.  Two other WRPD Officers, Officer Kelly and Sergeant Bravo also responded.  On interviewing both Mr. Gustafson and Mrs. Grinstead, Officer Scheibe learned that a physical altercation had occurred as a result of a dispute over the divorced couple's use of the refrigerator and the location of items in the house. Both Mr. Gustafson and Ms. Grinstead stated that in the course of the altercation, Mr. Gustafson held Ms. Grinstead down and used an "arm bar" and "choke hold" to subdue her.  Mr. Gustafson was also armed with several knives and a gun.  Officer Scheibe placed Mr. Gustafson under arrest for assault in the fourth degree.

Officer Scheibe handcuffed Mr. Gustafson with two sets of handcuffs and placed him in his police car.  When Officer Schiebe removed Mr. Gustafson from his vehicle at the Benton County Regional Jail, Mr. Gustafson complained of leg pain, and Officer Schiebe transported Mr. Gustafson in a wheelchair.  Officer Schiebe asserts that during the entire time Mr. Gustafson was in custody he never complained of heart or chest pain.

Mr. Gustafson's account of this incident differs significantly: Ms. Grinstead was the aggressor; he did not choke her but instead used only a non-injurious "arm bar"; he complained profusely of pain to his arms, legs, and chest while in WRPD custody; and he suffered a heart attack while in WRPD custody.  However, Mr. Gustafson has failed to provide factual support for his assertions in the form of affidavits, declarations, deposition transcripts, sworn answers to interrogatories, or party admissions.  *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may

not rely merely on allegations or denials in its own pleadings; rather, its response must - by affidavits or otherwise provided in this rule - set out specific facts showing a genuine issue for trial."); *see also* Court's Notice to Pro Se Litigants of the Dismissal and/or Summary Judgment Rule Requirements, No. CV-10-5040-EFS, ECF No. 75 at 2-3; No. CV-10-5058-EFS, ECF No. 58 at 2-3 ("If the party you are suing meets its burden under Rule 56 by submitting affidavits or other sworn testimony, you cannot rely only on what your complaint says.  Instead, you must provide specific facts using the type of evidence set forth above.").[3] Thus, for the purposes of this summary judgment motion, the Court takes as true the facts stated in Defendants' uncontradicted declarations.

## II.   DISCUSSION

Construed liberally, Mr. Gustafson's complaints in these two matters allege causes of action for: 1) violation of his Fourth, Fifth, and Fourteenth Amendment rights under § 1983; 2) violation of 42 U.S.C. § 14141; 3) violation of 42 U.S.C. §§ 241 and 242; 4) violation of the Americans with Disabilities Act; 5) false arrest under Washington common law; and 6) criminal violations under various Washington statutes.  For the reasons discussed below, the Court grants Defendants' motions and dismisses Mr. Gustafson's claims.

---

[3] While Defendants have submitted Mr. Gustafson's responses to five sets of interrogatories with their motion in No. CV-10-5058-EFS, Mr. Gustafson's responses were not made under oath and the Court does not consider them for purposes of this motion.  *See* Force Decl., No. CV-10-5058-EFS, ECF No. 57 Ex. 2-6.

ORDER ~ 4

### A.    Summary Judgment Standard

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322.  "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts.  In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original).

### B.    Mr. Gustafson's § 1983 Claims

Mr. Gustafson alleges claims for violations of his constitutional rights against both the City of West Richland and the Individual Defendants.

#### i.    City of West Richland

Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person acting under color of state law.  42

U.S.C. § 1983.  Municipalities may not be liable under § 1983 on a *respondeat superior* theory, but rather, a § 1983 plaintiff must show that his rights were violated as a result of an official municipal policy or custom.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  In order for the municipality to be liable, there must be a "direct causal link" between the official policy or custom and the constitutional violation.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  Furthermore, the plaintiff must in fact have suffered harm as a result of the municipal policy or custom.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Here, Mr. Gustafson has not identified a policy or custom of the City of West Richland or the WRPD that resulted in the alleged violation of his constitutional rights.  Accordingly, the City of West Richland can not be held liable for any of the constitutional violations allegedly perpetrated against Mr. Gustafson, and the Court grants Defendant the City of West Richland's motion in this regard.

### ii.  Individual Defendants

Defendants assert that Mr. Gustafson's claims against the Individual Defendant must be dismissed under the doctrine of qualified immunity.  The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  District courts evaluating a claim of qualified immunity must analyze two questions: first, whether "the facts alleged show the officer's conduct violated a constitutional right," and second, whether

the constitutional right at issue was "clearly established" at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). District Court Judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, because Mr. Gustafson has presented no sworn, admissible evidence in opposition to Defendants' motion, the Court finds that the circumstances of the case support turning first to the first *Saucier* condition: whether the facts alleged show that the officers' conduct violated a constitutional right. While Mr. Gustafson's complaint and moving papers include several conclusory statements regarding the unconstitutionality of the Individual Defendants' actions, Mr. Gustafson has presented no admissible evidence to demonstrate that the Individual Defendants violated his constitutional rights. Accordingly, the Individual Defendants are entitled to qualified immunity and Defendants' motion is granted in this regard.

**C.  Mr. Gustafson's § 14141 Claim**

Mr. Gustafson's complaint in CV-10-5040-EFS alleges a claim against the City of West Richland under 42 U.S.C. § 14141. Section 14141 prohibits employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles from engaging in a pattern or practice of conduct that deprives one of their civil rights. However, § 14141 only provides for a civil cause of action brought by the United States Attorney General. *See* 42 U.S.C. § 14141(b) ("[T]he Attorney General, for or in the name of the United

States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice."). Section 14141 does not provide a private cause of action that may be brought by individuals. *See, e.g., Clarke v. Upton*, No. CV-F-07-888-OWW/SMS, 2008 WL 2025079 at *19 (E.D. Cal. May 9, 2008) (finding that § 14141 "does not provide a private right of action."); *Evans v. U.S. Dept. Of Educ. ex rel Cal. St. Univ. Stanislaus*, No. C 05-03185 SI, 2006 WL 294800 at *2 ("[O]nly the Attorney General may initiate a civil action to enforce 42 U.S.C. § 14141."). Accordingly, this claim must be dismissed, and the Court grants Defendants' motion in this regard.

### D.   Mr. Gustafson's §§ 241 & 242 Claim

Mr. Gustafson's complaints allege claims under 18 U.S.C. §§ 241 & 242. Just as with 42 U.S.C. § 14141, however, sections 241 and 242 do not provide a private cause of action that may be pursued by individuals. *See Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968). Accordingly, Mr. Gustafson's section 241 and 242 claims must be dismissed and the Court grants Defendants' motion in this regard.

### E.   Mr. Gustafson's Americans with Disabilities Act Claim

Mr. Gustafson alleges a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.*, alleging that WRPD officers failed to provide him a "reasonable accommodation" for his disability when arresting him. While § 203 of the ADA does provide a private cause of action for discrimination against the disabled by public entities, *see Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002), Mr. Gustafson has not presented any admissible evidence to demonstrate that he is disabled, that the WRPD failed to provide him a reasonable accommodation, or that

he was harmed as a result of WRPD's alleged discrimination. Accordingly, because Mr. Gustafson has provided no factual support for his ADA claim, the Court grants Defendants' motion in this regard.

### F.    Mr. Gustafson's False Arrest Claim

Mr. Gustafson also alleges a state cause of action for false arrest and imprisonment by WRPD officers. Under Washington law, the "existence of probable cause is a complete defense to an action for false arrest, false imprisonment, or malicious prosecution." *Hanson v. City of Snohomish*, 121 Wn.2d. 552, 563-64 (1993). Probable cause exists "when an officer has reasonable grounds to believe a suspect has committed or is committing a crime due to the surrounding circumstances." *McBride v. Walla Walla Cnty.*, 95 Wn. App. 33, 38 (1999) (citing *Washington v. Gonzales*, 46 Wn. App. 388, 395 (1986)). Whether probable cause exists or not "is a reasonableness test, considering the time, place, and circumstances, and the officer's special expertise in identifying criminal behavior." *Id.* (citing *Gonzales*, 46 Wn. App. at 38).

Here, the uncontested facts in Defendants' declarations are sufficient to establish probable cause. Officer Scheibe responded to Ms. Grinstead's residence to investigate a domestic violence complaint that Ms. Grinstead had made. When interviewed, both Ms. Grinstead and Mr. Gustafson acknowledged that a physical altercation had occurred, and both parties stated that Mr. Gustafson used physical force to restrain Ms. Grinstead. Officer Scheibe observed fresh abrasions and bruising on the back of Ms. Grinstead's neck that were consistent with the use of force. Taken together, these facts establish reasonable grounds for the WRPD officers to believe that a domestic violence assault had occurred and

ORDER ~ 9

that Mr. Gustafson had committed it.  Because the officers had probable cause to believe that Mr. Gustafson had committed domestic violence assault, Mr. Gustafson's false arrest claim must fail and the Court grants Defendants' motion in that regard.

**G.    Mr. Gustafson's Criminal Claims**

Mr. Gustafson's complaints allege that the Individual Defendants' actions violate various Washington criminal statutes, including RCW 9A.36.011, .021, and .031 (first, second, and third degree assault); RCW 9.62.010 (malicious prosecution); RCW 9A.36.050 (reckless endangerment); RCW 9A.36.080 (malicious harrassment); RCW 9A.28.040 (criminal conspiracy); RCW 9A.80.010 (official misconduct); RCW 42.20.080 (other violations by public officers); and RCW 42.20.010 (delegation of powers for profit).  However, just as 18 U.S.C. §§ 241 and 242 are criminal statutes that do not provide a private cause of action, these Washington statutes proscribe criminal conduct and do not provide a private civil cause of action.  Accordingly, these claims must be dismissed, and Defendants' motion is granted in this regard.

**G.    Mr. Gustafson's Malicious Harassment Claim**

Finally, Mr. Gustafson's complaint in No. CV-10-5040-EFS alleges a claim for malicious harassment under RCW 9A.36.083, commonly referred to as "the 'hate crimes statute.'" *See San Antonio v. Heaton*, No. 40479-2-I, 1998 WL 184529 at *1 (1998).  While malicious harassment is ordinarily a criminal charge, Washington law does provide a private cause of action for malicious harassment.  *See* RCW 9A.36.080, .083.  To succeed on a claim for malicious harassment, a plaintiff must show that the defendant injured him, damaged his property, or threatened him because of their

race, color, religion, ancestry, national origin, gender, sexual orientation, or mental, physical, or sensory handicap. *Id.* Because Mr. Gustafson has provided no factual support for this claim, the Court grants Defendants' motion in this regard.

### III.  CONCLUSION

As discussed above, Mr. Gustafson has not presented any admissible evidence in support of his claims.  Defendants, on the other hand, have met their burden under Rule 56 of showing that there are no material issues of fact and that they are entitled to judgment as a matter of law. For these reasons, the Court grants Defendants' motions and dismisses both actions.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendants' Motions for Summary Judgment, **No. CV-10-5040-EFS, ECF No. 68; No. CV-10-5058-EFS, ECF No. 51,** are **GRANTED.**

2.  The file in these matters shall be **CLOSED.**

3.  All hearings and pending motions are **STRICKEN.**

4.  **Judgment** shall be **ENTERED** with prejudice in Defendants' favor.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel and Mr. Gustafson.

**DATED** this ___7th___ day of November, 2011.


                            _____s/Edward F. Shea_____

                                EDWARD F. SHEA
                          United States District Judge

Q:\Civil\2010\5058, 5040.MSJ.lc2.wpd

ORDER ~ 11